WALLING, Administrator, Wage and Hour Division, United States Department of Labor, v. ST. MARYS SEWER PIPE CO.

No. 2724.

District Court, W. D. Pennsylvania.

Nov. 2, 1944.

Douglas B. Maggs, Sol., and Archibald Cox, Associate Sol., both of Washington, D. C., Ernest N. Votaw, Regional Atty., and Morris Hoffman, both of Philadelphia, Pa., for plaintiff.

Arnold & Chaplin and John C. Arnold, all of Clearfield, Pa., for defendant.

574

GIBSON, District Judge.

After judgment against it the defendant has filed exceptions to the order and, in addition, has asked for a new trial.

The court was of opinion that the defendant had not borne the burden upon it of establishing that two kiln-burners in its employ were persons whose primary duties consist of the management of the establishment in which they were employed or of a customarily recognized department or subdivision thereof, as required by the regulation of the Administrator. Also the defendant failed, as the court thought, to establish that these employees worked at manual labor not more than 20% of the number of hours worked by nonexempt employees at such labor.

■ While the testimony of the witnesses for defendant was contradictory in respect to the alleged status of the kiln-burners as executives of defendant, the court, from its observation of these burners and their testimony, and the admissions of foremen and officers of the defendant, although these were later contradicted, is of opinion that the testimony was insufficient as a whole to bring them within the scope of the regulation defining executives.

■ As to the amount of manual labor performed by the burners, it cannot be questioned that they worked with other helpers in firing the furnaces and shovelling salt, and that work was more than 20% of that performed by the helpers. True, the burners claim that their services in firing the kilns were not required by the management and were voluntary, although not prohibited. No records were kept by the defendant and the testimony does not disclose how much labor was expended in firing, and how much in shovelling salt (which was an admitted function of the head burners). It must not be forgotten that the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., is rather drastic and the burden of regulating the observance of the Act is upon the employer as well as upon the employee.

The exceptions to the findings of the court numbered 11, 12 and 13 will be dismissed.

In addition to the exceptions filed to the findings of fact and conclusions of law the defendant has asked the court to elaborate upon the decree and state whether the defendant will be in contempt if the head kiln burners were prohibited from (a) firing the kilns, and (b) firing kilns or salting them.

■ This calls upon the court for a declaratory judgment not required by the pleadings, and not reasonably possible under the testimony. As to (b), no evidence exists as to the time occupied in firing and that used in salting. As to a total prohibition to do any physical labor, if that is what the request means, the status of the employees as executives depends upon other matters than that of labor performed, and also upon the observance of the prohibition to labor on the part of the defendant and the employees.

The court feels that it has passed upon the matters properly before it in the action, and will dismiss the exceptions and refuse a new trial.